**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

Case Number:

EILEEN SCANLON,

        Plaintiff,

v.

CRACKER BARREL OLD COUNTRY
STORE, INC., a Foreign Corporation,

        Defendant.

_____/

### DEFENDANT, CRACKER BARREL OLD COUNTRY STORE INC. NOTICE OF REMOVAL AND SUPPORTING MEMORANDUM OF LAW

Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby removes the Circuit Court case (as hereinafter defined) from the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division.  In support hereof, the Defendant states as follows:

1.      On or about October 29, 2010**,** a civil action was filed in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida, said case being captioned *Eileen Scanlon v. Cracker Barrel Old Country Store, Inc.,* Case No: 2019-CA-5789.  This is a personal injury case based on alleged negligence arising from premise liability.

2.      The removing party is the Defendant in the above-described action.

3.      On or about November 4, 2019, Defendant was served with a Summons and Complaint through service upon CT Corporation System, its registered agent.  This was Defendant's first notice that this lawsuit was filed.

4.       At the time that the Complaint was served, Plaintiff's demand was in excess of fifteen thousand dollars ($15,000.00) exclusive of interest, costs and attorney's fees, which is within the jurisdictional limits of State court.

5.      On November 22, 2019, Defendant's counsel served a First Request for Admission to Plaintiff asking Plaintiff to admit that she is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00). A copy of Defendant's First Request for Admission to Plaintiff is attached hereto as **Exhibit "A"**, and Plaintiff's Response to Request for Admissions served on February 6, 2020, is attached hereto as **Exhibit "B"**.  Defendant's counsel received Plaintiff's Response to Request for Admissions on February 6, 2020.

6.      In Plaintiff's Response to Request for Admissions regarding the amount in damages exclusive of interest, costs and attorney's fees in this matter, Plaintiff admits that the amount she is seeking in damages exclusive of interest, costs and attorney's fees is in excess of seventy-five thousand dollars ($75,000.00).

7.      Defendant's First Request for Admission to Plaintiff which is attached as Exhibit "A" reads as follows:

> **1.     Please admit that you are seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00).**

(Exhibit "A") (Emphasis added.)

In Plaintiff's Response to Request for Admissions which is attached as Exhibit "B", **Plaintiff answered as follows**:

      1.      **Admitted.**

(Exhibit "B") (Emphasis added.)

      8.      Plaintiff's Response to Request for Admissions, establishes the jurisdictional threshold of this Court. Pursuant to the requirements of 28 U.S.C. § 1446(b), even though the case was not removable based on the initial pleading, "a removal may be filed within thirty (30) days after receipt by the Defendant through service or otherwise a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable".

      9.      Thus, Plaintiff's Response to Request for Admissions which was received by Defendant's counsel on February 6, 2020, confirms that the Plaintiff admits that she is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00), which exceeds the seventy-five thousand dollar ($75,000.00) jurisdictional limitations of this Court.

      10.      This Notice of Removal and Supporting Memorandum of Law is filed within thirty (30) days after service of Plaintiff's Response to Request for Admission in the above-described action. Thus, we have promptly filed this Notice of Removal.

      11.      At all times material hereto the Plaintiff, EILEEN SCANLON, was and is a citizen and resident of the State of Florida.

      12.      At all times material hereto the Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., was and is a corporation with its principal place of business in Lebanon, Tennessee.

13.    The above-described action wholly involves citizens of different states and this Court has original jurisdiction over the present action pursuant to 28 U.S.C. § 1332.  As Defendant is not a citizen of the State of Florida and as this Court and Division encompasses the place where the above-described action is pending, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a).

14.    A copy of this Notice of Removal and Supporting Memorandum of Law has been filed in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida with a copy being attached hereto as **Exhibit "C"**.

15.    In compliance with Local Rule 4.02 (b) of the United States District Court of the Middle District of Florida and 28 U.S.C. § 1446, copies of all State court processes, pleadings, orders and other papers or exhibits of every kind, that have been filed in the State court action have been filed separately.

WHEREFORE, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC. respectfully requests that the Circuit Court case now pending in the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division.

## MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

### I.    STATEMENT OF CASE

Plaintiff alleges in her Complaint that on or about the 17th day of December, 2018, Plaintiff, EILEEN SCANLON, tripped over a box of merchandise that was stored under a rack of clothing and fell.  Plaintiff, EILEEN SCANLON asserts the following damages in the Complaint that she "suffered bodily injury and resulting pain and

suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition." Additionally Plaintiff, EILEEN SCANLON, asserts her damages "are either permanent or continuing and she will suffer the losses in the future." Plaintiff's Complaint demanded damages in excess of fifteen thousand dollars ($15,000.00). Subsequently, Plaintiff asserted in her Response to Defendant's Request for Admission, that she admitted that she is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00). Defendant received this response on February 6, 2020.

## II.     FEDERAL COURT JURISDICTION

Pursuant to 28 U.S.C. § 1332, District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs and is between, among other things, citizens of different states. Pursuant to 28 U.S.C. § 1332(c)(1) a corporation is deemed a citizen of any state where incorporated or where its principal place of business is located.

While the Plaintiff's Complaint merely alleges damages in excess of the minimum jurisdiction of the Circuit Court, Plaintiff has now affirmatively alleged that the damages in this matter exceed the seventy-five thousand dollar ($75,000.00) jurisdictional requirement of this Court based on Plaintiff's admission that she is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00). At the time of filing the Complaint, Plaintiff demanded in excess of fifteen thousand dollars ($15,000.00), which is below this Court's jurisdictional

limits.  However, Plaintiff has admitted in her Response to Request for Admissions, the amount she is seeking in damages exclusive of interest, costs and attorney's fees is in excess of seventy-five thousand dollars ($75,000.00).  As set forth in *Baker v. Firestone Tire & Rubber Company*, 537 F. Supp. 244 (S.D. Fla. 1982) and *Richman v. Zimmer, Inc.*, 644 F. Supp. 540 (S.D. Fla. 1986) a determination of the amount in controversy should be made by a fair reading of the Complaint and is not limited to the Plaintiff's allegations of jurisdictional amount.  In *Baker* the court found that despite the minimum jurisdictional allegation, the pleading satisfied the removal threshold based on allegations that, "…the plaintiff sought to recover for permanent and serious injuries…pain, disfigurement, disability, loss of wages, loss of earning capacity…".  Plaintiff's Response to Request for Admissions received on February 6, 2020, unequivocally asserts that Plaintiff admits to seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00).

In this action, at the time of filing the Complaint, Plaintiff's demand was in excess of fifteen thousand dollars ($15,000.00).  However, Plaintiff admits that she is seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00) in Plaintiff's Response to Request for Admissions.  Thus, Defendant is justified in relying on Plaintiff's good faith representation that Plaintiff's claim in this matter exceeds seventy-five thousand dollars ($75,000.00).  Defendant's counsel has filed this Notice of Removal and Supporting Memorandum of Law within thirty (30) days of receiving Plaintiff's Response to Request for Admission.  Plaintiff's Response to Request for Admission received February 6, 2020 constitutes "other paper" within the meaning of 28 U.S.C. § 1446(b) and thereby provides Defendant with notice

that the potential damages from the lawsuit could exceed the jurisdictional amount. *See Rahwar v. Nootz*, 863 F. Supp. 191 (D.N.J. 1994).

Plaintiff's admission satisfies the seventy-five thousand dollar ($75,000.00) removal threshold. Further, Plaintiff's assertion of damages arising from the allegations of injury in this matter clearly shows that Plaintiff contends entitlement to damages in excess of seventy-five thousand dollars ($75,000.00). Since the amount in controversy exceeds seventy-five thousand dollars ($75,000.00) and as complete diversity of citizenship exists, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

## III.   REMOVAL AND VENUE

As this Court has original jurisdiction, the present case may be removed pursuant to 28 U.S.C. § 1441. This removal is effected pursuant to the terms of 28 U.S.C. § 1446 and in compliance with said statute, this Notice of Removal is accompanied by copies of all process, pleadings, and orders served upon the Defendant. Venue is proper pursuant to 28 U.S.C. § 1441 as the United States District Court for the Middle District of Florida, Tampa Division encompasses Sarasota County where the State action is pending.

## IV.   TIMELINESS

28 U.S.C. § 1446(b) requires that when a case is not removable at the initial pleading, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." When Defendant received Plaintiff's Response to Request for

Admissions on February 6, 2020, Defendant timely sought to properly remove this action.

WHEREFORE, Defendant, CRACKER BARREL OLD COUNTRY STORE, INC., requests this Court to take jurisdiction of this action to the exclusion of any further proceedings in State court and in accordance with law.

Dated:  March 6, 2020

Respectfully submitted,

s/Russell F. Bergin
Russell F. Bergin, Esquire
Florida Bar No: 0887560
Law Office of Russell F. Bergin, P.A.
698 W. Highway 50
Clermont, Florida  34711-2921
Telephone: (352) 394-5888
Facsimile:  (352) 394-8558
Email: russ@berginlaw.com
Email: amy@berginlaw.com
Email: lara@berginlaw.com
Attorney for Defendant
Trial Counsel

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 6, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to the following:

Adam Shapiro, Esquire                          ashapiro@getmejustice.com
Shapiro Delgado                                     lanie@getmejustice.com
308 Cocoanut Avenue
Sarasota, FL 34236
Attorney for Plaintiff

                                      /s/Russell F. Bergin
                                        Russell F. Bergin, Esquire
                                        Florida Bar No.: 0887560
                                        Law Office of Russell F. Bergin, P. A.
                                        698 W. Highway 50
                                        Clermont, FL  34711-2921
                                        Telephone: 352-394-5888
                                        Facsimile:  352-394-8558
                                        Russ@berginlaw.com
                                        Amy@berginlaw.com
                                        Lara@berginlaw.com
                                        Attorney for Defendant