UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EILEEN SCANLON,

    Plaintiff,

v.                                                      Case No: 8:20-cv-539-T-36SPF

CRACKER BARREL OLD COUNTRY
STORE, INC.,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court upon Defendant's Response to Court's Order to Show Cause Dated March 10, 2020 (Doc. 9). On March 6, 2020, Defendant filed a Notice of Removal alleging that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000. Doc. 1 at 1. Because the Notice of Removal did not sufficiently support Defendant's assertion that the amount in controversy requirement was met, the Court ordered Defendant to show cause why this case should not be remanded for lack of subject matter jurisdiction. Doc. 6. Defendant timely responded to the Order. Doc. 9. The Court, having considered the response and being fully advised in the premises, will remand this case to state court.

**I.  BACKGROUND**

Plaintiff filed the Complaint in state court seeking damages for injuries she sustained while on Defendant's premises, and which Plaintiff alleges resulted from Defendant's negligence. Doc. 1-4 at 2 ¶¶ 1-6. In the Complaint, Plaintiff generally alleges that this is an action for damages in excess of $15,000, but she does not allege a specific amount of damages. *Id.* at 1 ¶ 1. Plaintiff alleges that her damages arose when she was walking through the gift shop of Defendant's store

and tripped over a box of merchandise that was stored under a rack of clothing. *Id.* at 2 ¶¶ 1-2. Her injuries include bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. *Id.* at 3 ¶ 6.

Defendant removed this action, stating that it learned the amount in controversy was met after receiving Plaintiff's Response to Request for Admissions. Doc. 1 ¶ 5. While this action was pending in state court, Defendant propounded a request for admission that requested Plaintiff "admit that you are seeking damages exclusive of interest, costs and attorney's fees in excess of seventy-five thousand dollars ($75,000.00)." *Id.* ¶ 7. Plaintiff admitted that the damages sought in this case exceed $75,000. *Id.* Accordingly, Defendant filed the Notice of Removal, removing the case to this Court.

However, Plaintiff's Response to Request for Admissions contained no factual foundation for the assertion that Plaintiff is seeking damages in excess of $75,000. *Id.* ¶ 7. Because such conclusory responses to requests for admission, standing alone, are not sufficient to establish the amount in controversy requirement, Defendant was directed to advise the Court what basis, if any, existed to establish the amount in controversy requirement. Doc. 6. Defendant responded that it has been unable to obtain further corroborating information to support the amount because Plaintiff failed to timely respond to discovery requests and Plaintiff's counsel could not be contacted, despite numerous efforts by Defendant's counsel via telephone, mail, and e-mail to contact opposing counsel. Doc. 9. Accordingly, Defendant stated that it cannot at this time provide any further information to support its assertion that the amount in controversy has been met. *Id.* at 3.

**II.     DISCUSSION**

Federal courts must *sua sponte* inquire into an action's subject matter jurisdiction whenever such jurisdiction may be lacking. *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004); *accord Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co*., 678 F.2d 992, 1000 (11th Cir. 1982). The bases for federal courts' subject matter jurisdiction are confined, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

It is the burden of the party seeking federal jurisdiction to establish that diversity exists by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332. Diversity jurisdiction exists where the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). On the other hand, "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* The removing defendant must

3

present documents that "contain an unambiguous statement that clearly establishes federal jurisdiction." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1215 n.63 (11th Cir. 2007), *cert. denied*, 553 U.S. 1080 (2008).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

Additionally, "diversity jurisdiction depends on an actual and factually demonstrable amount-in-controversy in excess of $75,000 and not on the parties' stipulation or the equivalent (and especially not a party's mere admission)." *Eckert v. Sears, Roebuck & Co.*, 8:13-CV-2599-T-23, 2013 WL 5673511, at *2 (M.D. Fla. Oct. 17, 2013) (citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592-93 (2013)).  Even to the extent that an admission may be binding on the parties, it "cannot bind a court in determining jurisdiction." *Id.*  Instead, the removing party must provide the Court with actual and factually demonstrable evidence of the amount-in-controversy. *Id.*

Here, the admission relied on by Defendant does not offer any factual basis to support the jurisdictional amount, but is instead a mere legal conclusion.  Doc. 1-2.  This conclusory response did not relieve Defendant of the obligation to provide facts supporting the existence of federal jurisdiction.  Because Defendant cannot provide any other facts that support the existence of federal jurisdiction, this case will be remanded for lack of subject matter jurisdiction.  Accordingly, it is

**ORDERED**:

1. This case is **REMANDED** to the Circuit Court of the Twelfth Judicial Circuit in and for Sarasota County, Florida for lack of subject matter jurisdiction.

2. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Twelfth Judicial Circuit Court, in and for Sarasota County, Florida.

3. The Clerk is further directed to terminate any pending deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on March 26, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

5